the first case, Torres v. Blackstone Group. In each case that we hear today, each side will initially have two minutes of uninterrupted argument and then the questions will begin. So the first case is Torres v. Blackstone Group. Wilfredo Torres, please begin. And you will have two minutes for rebuttal. Good morning everyone. My name is Wilfredo Torres. I am the appellant in this case. I am pro se. I am a little bit nervous but I will do my best. There were two rates. Don't worry, don't worry, don't worry. We're all nervous. Okay, thank you. There were two rates of my apartment in Manhattan in the against the government agencies involved. There was an issue with the landlord because the landlord had been also involved in those rates, helping the police and other agencies break into my apartment illegally with a warrant. So I saw the previous landlord in this case his Bellevue South Associates, BSA. BSA started at one point systematically stealing my legal mail and I notified the court in the case against BSA 16 to 24 to 27 to 28. That didn't help. The theft of mail continued. At one point BSA, Bellevue South Associates, the landlord had sold the building complex to a company called Blackstone Group. The theft of mail continued on their Blackstone, especially because Blackstone hired the same employees and the theft of mail continues up to this day. Docket number 8 in the case against Blackstone, the case against Blackstone is 18CV6434. So docket number 8 should be read by the court as an example of exactly... Hello? Are you still on the line? Yes. Yeah. I have a question for you, sir, and that is could you... we can only consider, generally, arguments relating to the district court's dismissal of your case. And could you tell us what those... Okay. When Blackstone bought the buildings and hired the same employees stealing my mail, they also hired employees that were already included in the lawsuit against the previous owner. And Blackstone knew this. So when these docket number 8 in that case against that Blackstone 18CV6434, the lower court dismissed the case. Dismissed the case stating that the federal government should not be involved in this case. Now the problem is that by Blackstone stealing employees, stealing my mail, they prevented me from prosecuting their case, civil rights case, about breaking into my apartment, and so on. And in addition to that, a part of the stolen document included Rule 56 notifications that I was supposed to receive by mail and that never received, that were probably stolen by Blackstone. And because of that, the case in the lower court was dismissed. I believe that the consequences... Here's a problem, Mr. Torres. The case was before the district court and the trial court here, and then you claim that the trial court made mistakes. But we didn't... It's hard for us to find anywhere in your brief what these mistakes were. You talk about the original problem in your brief, but you don't talk about the district court. All we can do is correct district court's error here. That's one problem. And the second problem is that we're a federal court and therefore we have to... We can only hear federal questions unless there's diversity of cases. And you did cite some federal statutes, but they are... Two of them are criminal cases, criminal statutes, and there's no civil rights under those statutes. And the other one requires that the state be involved, that is, for the government to be involved. But you're arguing against the landlord there. So... May I answer? I believe, I am not a lawyer, and I believe that by Blackstone hiring the same employees that were already named in the lower court case, I believe that they took a responsibility for those employees and that case is... This case is an extension of that case. Okay. So you will have two minutes in rebuttal, okay? Okay. May it please the court, Dean Dryblad from Rose, from the firm of Rose and Rose. We believe the appeal should be shown no cognizable reason why the district court's decision should be reversed. There's no subject matter jurisdiction. It is a burden. The burden is on the appellant to show that there's a subject matter jurisdiction. This, the appellant has clearly failed to do. There's no federal... There's no citizenship. There's no federal question here. Again, the statutes relied upon by the appellant are criminal statutes where there's no private right of action. The landlord, or the entity named as a landlord, is not a state actor. Parenthetically, Blackstone is not even the landlord, but assuming that everything that the appellant says is true, there still is no federal jurisdiction. This is at most a landlord-tenant dispute that belongs in state court. May I? Yes. Your Honor, the situation here is that this case is an extension of the old case. Can I... Mr. Torres, first your adversary has to use his minutes, and then you come back in for your two minutes. I apologize. That's okay. That's understandable. Go ahead. As far as being an extension, this is not an extension of the old case. This is a new case, and the fact it may or may not be an extension of the old case has no bearing on the issue before this court. There simply is no subject matter jurisdiction. I don't know. That's it. I have nothing more to say. Now, Chris, you say that it is well established that federal courts have no subject matter jurisdiction over residential landlord-tenant matters. Is there a Second Circuit case that expressly holds that? Cite unpublished Second Circuit case in various district court decisions, but do you have more precise authority on this point? I believe we have cited various trial-level court decisions. I don't know. I'm not aware anything on this specific point has reached the circuit. But in any case, is accepting that proposition critical or necessary to, in your view, to affirming the district court here? No. It's not critical or necessary to affirm because the court clearly has no subject matter jurisdiction based upon the way the complaint is based upon the complaint in this case. It's not a critical point, but it is a point where we're making an argument. Judge Walker, Judge Wesley, any questions? The only thing I wanted to mention was that, and maybe somebody can answer this, the district court construed the pleadings as raising claims, a due process claim under 1983 and violations of the two criminal statutes, 1512 and 1708, and then a bunch of state law claims. And so those are the issues, right? I mean, is there any question about those being the operative claims? No, there's no question, Your Honor. Okay, okay. Okay, well, we'll now hear Mr. Torres. You'll have two minutes. Thank you. Basically, again, the consequences of the Blackstone defendant hiring the employees continue up to this day to violate my rights by stealing the legal mail and preventing me from prosecuting the case in the lower court, the case about the rates of my apartment, I believe makes it a federal question. And again, it's an extension of that case. Blackstone hired those employees knowing that they were a defendant in that case, and the defendants did some things that prevented me from prosecuting the case, and Blackstone is responsible. Again, I ask the court to please look at docket number 8, in this case against Blackstone 18CV6434, and the many times that I tried to resolve this in the case in the lower court, 16CV2362, the dockets that I mentioned, 215, 216, 223, 224, 227, 228, about Blackstone stealing my mail. So theft of a mail probably looks like a very minor offense, but theft by mail in this case resulted in the dismissal of the mail, and the lower court claims that I did not follow the rules of the court, and I didn't follow the rules, and I never received those rules of 56 notifications, and they were stolen by the employees of Blackstone, and I believe that that makes it an extension of that case. Thank you. Thank you, Mr. Torres, and thank counsels for both sides. The court will reserve decision.